EVERETT v. INGRAM.

LUMPKIN, J. 1. Where a note contained a promise to pay a stated sum of money on a named date, "with interest from maturity at eight per cent. per annum," and agreed that if the maker should fail to pay the note at maturity, and it should be placed in the hands of an attorney for collection, "then and in that event I hereby admit that I have damaged [the payee] or the holder of this note ten per cent. of the amount of said debt by forcing them to employ an attorney on account of my default; and said damage is hereby declared, for value received, to be liquidated damages and collectible as part of said original debt, . . and I hereby agree to pay ten per cent. atty's fees;" and where in a suit on such note, to obtain an equitable foreclosure of a deed to secure it, the plaintiff claimed principal and interest and ten per cent. attorney's fees, and the defendant admitted that the plaintiff was entitled to recover, and that he was due "the attorney's fee," unless a plea of partial payment filed by him should be sustained, and assumed the burden of proof, after a verdict for the plaintiff it furnished no ground for a reversal that the court instructed the jury that, if they found against the defendant's contention, they would compute the attorney's fees upon the principal and interest.

2. Usury will avoid a deed given to secure a debt, but will not render void a note given for such debt, as to the principal and legal interest. The

instruction of the court to the jury on this subject, in answer to a question propounded by them, was neither erroneous nor misleading.

3. Where the only issue was whether certain payments on a promissory note had been made to one as the agent of the payee, and no question was raised as to the authority of such agent or denial that a payment to him was a payment to his principal, but the contention was as to whether in fact any such payments had been made to the agent, and counsel for the principal admitted in open court, during the trial, that the agent had authority to do whatever he undertook to do for his principal, it furnished no ground of complaint by the maker of the note, when sued thereon, that the court did not charge, without request, that a payment to the agent would bind the principal even if the agent failed to pay to his principal sums so collected.

4. That a first cousin of a juror married a sister of the plaintiff did not make the juror kin by affinity to the plaintiff, so as to disqualify the juror. *City of Dalton* v. *Humphries*, 139 *Ga.* 556 (6), 561 (77 S. E. 790), and citations.

5. That a first cousin of a juror assisted the plaintiff in procuring evidence and selecting a jury did not disqualify the juror, it not appearing that his kinsman had any pecuniary interest in the result of the trial.

(a) The decisions of this court touching the disqualification of a juror by reason of relationship to a prosecutor in a criminal case do not apply to a civil case involving the facts stated in the preceding headnote.

(b) The general statement in the affidavit of the defendant, made in support of this ground of the motion for a new trial, that the kinsman of the juror was "vitally" interested, in view of the context, apparently meant only deeply, not pecuniarily, interested.

(c) The other contentions touching the relationships of a juror are substantially covered by the ruling made in the headnote numbered four above; and they do not furnish ground for a new trial.

6. The evidence sustained the verdict, and there was no error in overruling the motion for a new trial.

7. It does not appear so clearly that the case was brought to this court for delay only as to authorize the award of damages against the plaintiff in error.        *Judgment affirmed. All the Justices concur.*
                        JULY 20, 1914.

Equitable petition. Before Judge Worrill. Early superior court. July 8, 1913.

*Rambo & Wright* and *W. I. Geer,* for plaintiff in error.
*Glessner & Park,* contra.