*Harrison Jones, F. S. Chalmers,* contra.

---

### 6918.   DAVIS *v.* SOUTHERN RAILWAY COMPANY.

1. Relationship of a juror to counsel representing one of the parties in the trial of a case does not disqualify the juror, where it does not appear that the compensation of counsel for his services is contingent upon the result of the trial.

2, 3. The instructions complained of as excluding from the consideration of the jury the question as to failure of duty on the part of the engineer

or the fireman to keep a lookout ahead of the engine that injured the plaintiff were not erroneous for the reasons assigned.

4. There was no material error in the instructions as to the "blow-post law."

5. The evidence does not authorize this court to interfere with the verdict on the ground that the damages awarded are grossly inadequate.

DECIDED MAY 19, 1916.

Action for damages; from city court of Atlanta—Judge Reid. April 28, 1915.

*Edgar Latham, Marion Smith,* for plaintiff.

*McDaniel & Black,* for defendant.

BROYLES, J. 1. One ground of the motion for a new trial is as follows: "When the list of jurors was furnished to counsel, it appeared that one of the jurors was one Benjamin Neely, who was a brother of E. A. Neely Esq., one of the counsel in this case representing the defendant. The plaintiff thereupon brought this fact to the attention of the court, and requested that the court strike the said Benjamin Neely from the list of jurors and complete the full panel of twenty-four by summoning another juror. The court refused this, however, and specifically held that he had no discretionary power to discharge the said Benjamin Neely, and declined to consider or exercise any discretion in the matter, which the plaintiff now says was error, and which deprived the plaintiff of his right to a full panel of twenty-four impartial jurors from which to strike." As it does not appear that counsel for the defendant had a contingent fee in the case, no error is shown. *Melson* v. *Dickson,* 63 *Ga.* 682 (1), 683 (36 Am. R. 128); *Crockett* v. *McLendon,* 73 *Ga.* 85; *Roberts* v. *Roberts,* 115 *Ga.* 261 (41 S. E. 616, 90 Am. St. R. 108).

2. There being in the petition no averment that the defendant was negligent because the fireman of the engine which injured the plaintiff was negligent in not keeping a lookout, it was not error for the court, in stating to the jury what specifications of negligence the plaintiff relied upon, to omit therefrom any reference to the duty of the fireman to keep a lookout.

3. Error in the following charge of the court is alleged: "Another rule invoked in this case is that 'They must keep a constant and vigilant lookout while running for obstructions or defective track or signals.' The allegation as to that rule is withdrawn from your consideration altogether, gentlemen. The allegation

made by plaintiff with reference to the engineer keeping a lookout ahead is not to be considered by you in connection with the allegations of negligence at all in this case.    There was no evidence offered in the case to show that he was not keeping a lookout ahead, and the burden of proof is upon the plaintiff to prove by a preponderance of the evidence his allegations of negligence, and that particular allegation of negligence is withdrawn from your consideration because in the judgment of the court no evidence on the subject has been submitted to you, and hence you will not consider that allegation of negligence, and for that reason you will not consider the rule and it will have no application in the case, although you may reach the conclusion that the plaintiff was struck within the yard."    It is contended that this charge was error for the reason that "it excluded from the consideration of the jury any question of negligence on the part of the engineer in failing to keep a lookout, when the evidence in the case authorized a finding that the engineer was negligent in not keeping a lookout in such a manner as would enable him to see ahead of his engine." The proof showed that the defendant's engine, when it struck and injured the plaintiff, was rounding a sharp curve, and that the engineer, sitting on his box in the right side of his cab, was looking straight ahead, but that on account of the condition of the track, which curved to the left, the engineer could not see the track in front of the engine.    This evidence was undisputed.    The mere statement of the engineer that he might have been able to see the track in front of his engine when rounding the curve, by "leaning out of the engine window," did not raise a question that should have been submitted to the jury, as to whether or not, under the circumstances, he was negligent in not leaning out of the engine window.    The rule of the defendant company, invoked by the plaintiff, did not require the engineer to *lean* out of his window, but required him merely to *look* out.    He was not required by this rule to put his head or any part of his body out of the window. There is no error in this charge.

4. There is no material error in the instructions complained of in the 5th ground of the amendment to the motion for a new trial. The court there correctly charged what is known as the "blow-post law" (Civil Code of 1910, § 2675).

5. The plaintiff obtained a verdict for $2,000 against the rail-

way company for the loss of a leg, and other minor personal injuries, and excepted to the verdict, alleging its gross inadequateness.' This being a case in which the jury could apportion damages in proportion to the negligence of each party, under the evidence introduced, no sufficient ground is shown to justify interference by this court.' *Judgment affirmed.*