9377.   ATLANTIC COAST LINE RAILROAD COMPANY *v.* MEAD.

BROXLES, P. J.   1. This case was tried in the city court of Blackshear. The plaintiff had demanded in writing a trial by twelve jurors.  Upon the call of the case for trial the judge caused a list of twenty-four jurors to be made up from the jurors who had been drawn and summoned to try cases at that term of court; and in this list were the names of five .jurors, three of whom were related within the prohibited degree to one Ray Riggins, who was an employee of the defendant at the time the cause of action sued on arose, and who, it was averred by the plaintiff, used to her the alleged offensive and insulting language which was the basis of the suit against the defendant company.  It did not appear that the other two jurors were related within the prohibited degree to Riggins.  Riggins, at the time of the trial, was not employed by the defendant company; he was, however, the principal witness for the defendant in the case.  On motion of the plaintiff, and over the objection of the defendant, these five jurors were stricken for cause from the list of the jurors so made up, solely because of their relationship to Riggins.  The court then directed the sheriff · to summon and have the names of other jurors substituted in the list for those so stricken.  To this the defendant excepted.  *Held:* There is no law in this State making relationship within the prohibited degree to a witness, or to an employee (much less an ex-employee) of one of the parties to a cause, ground for disqualification of a juror; and the witness in question (an ex-employee of the defendant) not being a party to the cause, and it not appearing that he was financially or otherwise directly interested in the result of the case, the court erred in striking, over objection, the names of the five jurors for cause, even conceding that all five were related within the prohibited degree to Riggins; and the verdict as rendered not being demanded by the evidence, a new trial is required.  *Mayor &c. of Cartersville* v. *Lyon,* 69 *Ga.* 577; *Hill* v. *Chattanooga Ry. &c. Co.,* 21 *Ga. App.* 104 (93 S. E. 1027).

2. After the defendant had made timely and appropriate objection to the court's action in striking the jurors from the list, it was not incumbent upon it to object to the new panel of jurors by a challenge to the array.  Such procedure is applicable in criminal cases only, where the jurors are "put upon the accused."  In this case the defendant had no ground to challenge the array.  *Fulton County* v. *Amorous,* 89 *Ga.* 614 (2) (16 S. E. 201).

> *Judgment reversed.  Bloodworth and Harwell, JJ., concur.*
> DECIDED MARCH 14, 1918.

Action . for damages; from city court of Blackshear—Judge Mitchell.   October 20, 1917.

*Bennet, Twitty & Reese, Memory. & Memory,* for plaintiff in error.  *Parker & Parker, James R. Thomas,* contra.