## 15501. DUNHAM v. THE STATE.

BROYLES, C. J. 1. A revision of the jury lists cannot be ordered by the judge of the superior court in counties not containing an incorporated town of ten thousand or more inhabitants, except biennially, or triennially, on the first Monday in August, or within thirty days thereafter, unless the jury commissioners have failed to revise the jury list as provided by law. Penal Code (1910), §§ 816, 818.

2. The power of a judge of the superior court to order a revision of the jury lists is limited to the failure of the jury commissioners to revise the jury lists as provided by law. If the jury commissioners revise the lists, their revision cannot be treated as a failure to act, unless the act of revision was in violation of the statute. The opinion of the judge that the jury lists do not give fair and just representation to the citizenship of the county, for the reason that no names of persons residing in a disputed portion of the county (a newly created county) were put on the jury lists, and that in this disputed territory (which was subsequently determined to be a part of the new county) were a number of the best men of the county, who were competent and qualified to act as grand and traverse jurors, does not authorize a vacation of the jury lists as having been made in violation of law. See, in this connection, *Davis* v. *Arthur,* 139 Ga. 74 (2, 6) (76 S. E. 676); *Carter* v. *State,* 143 Ga. 632 (2 b) (85 S. E. 884).

3. The provision in section 819 of the Penal Code of 1910, that the jury commissioners, in revising the jury lists, shall select from *the books of the tax-receiver* upright and intelligent men to serve as jurors, does not apply to the making of jury lists in a recently created county.

where it is provided by section 833 of the Civil Code that "immediately after the election and qualification of the officers of the new county, it shall be the duty of the judge of the superior court to appoint jury commissioners as required by law, and the jury commissioners . . . shall proceed immediately to make a grand and traverse jury box from the qualified jurors of the county, as now provided by law, and draw therefrom, pursuant to law, panels of grand and traverse jurors for the succeeding term of the superior court of said county." It is obvious that immediately after the election and qualification of the officers of a new county there could not be tax-receiver's books.

4. A defect which goes to the validity of the panel of jurors as a whole is ground for challenge to the array. *Carter* v. *State*, 143 *Ga.* 632 (2 *c*), 639 (85 S. E. 884) ; *Thompson* v. *State*, 109 *Ga.* 272 (34 S. E. 579).

5. Under the above rulings the jury lists compiled by the jury commissioners in January, 1921, were made in conformity to the law, and the revision of the lists in September, 1921, was not a lawful or legal revision, and the court erred in overruling the defendant's challenge to the array of the panel when put upon him; and the further proceedings in the case were nugatory.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

DECIDED JUNE 10, 1924.

Indictment for using profane language in female's presence; from Long superior court—Judge Sheppard.   February 9, 1924.

*M. Price,* for plaintiff in error.

*J. Saxton Daniel, solicitor-general,* contra.