42953. WILSON v. ATLANTIC COAST LINE RAILROAD COMPANY.

HALL, Judge. After a verdict for the defendant the plaintiff appeals from the judgment denying his extraordinary motion for new trial. The ground of the motion was that one of the jurors who tried the case was a brother-in-law of the defendant's claim agent, who assisted railroad attorneys in the preparation of the case by investigating prospective jurors and interviewing witnesses in behalf of the railroad and sat at the counsel table throughout the trial as the representative of the railroad, and that this fact was unknown and not reasonably discoverable by the plaintiff prior to the verdict. The plaintiff contends that the juror was within the sixth degree

194

of consanguinity to the defendant's representative and disqualified by law. "Relationship to an employee of a corporation does not in this State render a juror incompetent, as a matter of law, to serve on the trial of a case in which the corporation is a party." *Hill v. Chattanooga R. &c. Co.*, 21 Ga. App. 104 (8) (93 SE 1027); *Mars v. State*, 163 Ga. 43, 44 (135 SE 410); *Atlantic C. L. R. Co. v. Mead*, 22 Ga. App. 70 (95 SE 476). "Relationship of a juror to counsel representing one of the parties in the trial of a case does not disqualify the juror, where it does not appear that the compensation of counsel for his services is contingent upon the result of the trial." *Davis v. Southern R. Co.*, 18 Ga. App. 134 (1) (88 SE 919); *Everett v. Ingram*, 142 Ga. 145, 146 (82 SE 562); *Caswell v. State*, 27 Ga. App. 76 (107 SE 560); 50 CJS 958, 960, Juries, §§ 219, 221; 31 AmJur 168, Jury, § 196. The trial court did not err in denying the extraordinary motion for new trial.

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*

ARGUED JULY 6, 1967—DECIDED JULY 13, 1967.

*Ben T. Willoughby, J. L. Lee, Gerald L. Hart*, for appellant.
*Bennett, Pedrick & Bennett, Larry E. Pedrick, Wilson G. Pedrick*, for appellee.