43015. DERRYBERRY, by Next Friend, et al. v. HIGDON.
43029. HIGDON v. TORBETT.

Jordan, Presiding Judge. Mrs. Bertha Derryberry Torbett filed separate negligence actions in her own behalf and as next friend of her minor son, Fred Derryberry, in the City Court of Walker County, seeking to recover for losses allegedly

caused by a collision on a public road between a motorbike operated by her son and a truck operated by the defendant. The cases were consolidated for trial and resulted in verdicts and judgments for the defendant, from which a joint appeal was filed subsequent to the overruling of motions for a new trial. The defendant filed a cross appeal relating solely to the action of Mrs. Torbett in her own behalf. *Held:*

1. The first three enumerated errors in the main appeal are identical with the general grounds of a motion for new trial, and are insisted upon only to the extent of the issue raised by the fourth enumerated error. In the fourth enumerated error it is contended that the jury was illegally constituted, resulting in the denial of a trial by jury, because the jurors were not selected in the manner provided by the Act amending *Code* § 59-106, approved on March 30, 1967, and effective immediately (Ga. L. 1967, p. 251). The transcript of the charge of the court shows that the jury trial commenced on April 3, 1967. The documents before this court fail to disclose that the issue was raised at the onset or during the course of the jury trial, and apparently the issue was first asserted as Ground 4 of the motions for new trial, dated April 18, 1967. The transcript of the hearing on the motions for new trial indicates that the jury list was made up in accordance with the law in effect when the cases were originally scheduled for trial on March 27, 1967, and that jury trial was postponed for one week to allow counsel representing Mrs. Torbett to appear on other matters in another court.

"A defect which goes to the legality of the selection of the panel of jurors is ground for challenge to the array." *Carter v. State,* 143 Ga. 632 (2c) (85 SE 884); *Thompson v. State,* 109 Ga. 272 (2) (34 SE 579); *Dunham v. State,* 32 Ga. App. 416 (4) (123 SE 723); *Cobb v. Atlanta Coach Co.,* 46 Ga. App. 633, 635 (168 SE 126). The right to such a challenge is expressly recognized in the trial of felony cases. *Code* § 59-803. The procedure is also available in misdemeanor cases. *Thompson v. State,* supra. A defendant in a criminal case who fails to raise such a question when the panel is put upon him waives it once and for all. *Williams v. State,* 210 Ga. 665, 668 (82 SE2d 217); s.c., 211 Ga. 763, 764 (88 SE2d 376).

While a challenge to the array by such a name is peculiar to

the trial of criminal cases (see *Atlantic C. L. R. Co. v. Mead,* 22 Ga. App. 70 (2) (95 SE 476); *Teem v. Cox,* 148 Ga. 175 (96 SE 131)) the right to challenge the entire panel as to qualifications in the trial of a civil case, irrespective of the name applied to the procedure, is clearly available to a party under the provisions of *Code* § 59-704. Georgia Procedure & Practice, p. 336, § 15-7. The Supreme Court has recognized such a procedure in a civil case by means of a written motion to disqualify the entire panel of jurors, and a motion for mistrial because of the alleged unlawful jury. *Reynolds v. Reynolds,* 217 Ga. 234, 262 (123 SE2d 115). Thus, while determining that the provisions of *Code Ann.* § 59-106 then in effect were mandatory, the Supreme Court had no reason to consider any issue of waiver. In a civil case this court has held that in the absence of an objection to the panel properly made before verdict a party waives his right and has no ground for complaint after verdict. *Felker v. Johnson,* 53 Ga. App. 390, 395 (186 SE 144). In view of the foregoing we consider the waiver principle as applicable to the present case, in the absence of any objection before the verdict in the nature of a challenge to the array. Ignorance of the new law which became effective four days before the trial began provides no legal excuse to preclude application and effective operation of the waiver. See *York v. Clopton,* 32 Ga. 362.

There is not the slightest suggestion that the persons who served on the jury were in any way incompetent or disqualified for selection as jurors, either under the former or the new law, and no objection having been made before the adverse verdicts, the right to object was waived. This asserted error is without merit.

2. The remaining enumerated errors in the main appeal as insisted upon in the brief relate to instructions or the failure to instruct the jury, and require consideration of the charge of the court, the evidence, and any proceedings with respect to requests or objections in connection with the charge of the court. This court requested additional documents from the lower court, and while the court now has before it a record of the charge of the trial court to the jury, the clerk of the lower court has certified that as of September 1, 1967, no transcript of the evidence had been filed. As the appeal

has not been perfected in respect to these enumerated errors they cannot be considered.

3. In view of the rulings on the main appeal the issues raised by the cross appeal are moot.

*Judgment on the main appeal affirmed; cross appeal dismissed. Deen and Quillian, JJ., concur.*

SUBMITTED SEPTEMBER 11, 1967—DECIDED SEPTEMBER 27, 1967.

*Wilkes T. Thrasher, Jr., Frank M. Gleason,* for appellants.

*Shaw, Stolz & Fletcher, George P. Shaw, Robert Edward Surles,* for appellee.