## 51675. BYROM v. FELKER et al.

Clark, Judge.

"There comes a point where this Court should not be ignorant as judges of what we know as men," wrote Justice Frankfurter in Watts v. Indiana, 338 U. S. 49, 52 (1949). Those words are applicable to this appeal where the jury used the Alexandrian device of cutting the Gordian knot in resolving the complexities which the veniremen faced in expressing their verdict. These complications arose from a joint trial of two suits along with a third-party action against one of the plaintiffs and the third-party defendant's cross action. We too will use a similarly direct technique in that we will not deal separately with ten enumeratons of error in one case and twelve assignments in the other, both of which have sensibly been combined into this one appeal. We will accomplish this by limiting our treatment to the contested legal issues.

These two suits arose out of an automobile collision. Plaintiff Byrom was a passenger in plaintiff Sneed's car

when a collision occurred between the automobile driven by Sneed and a truck driven by defendant Felker. Both Byrom (hereafter referred to as "guest") and Sneed (for convenience called "host driver") separately sued Felker ("defendant"). In the guest's suit, defendant filed a third-party complaint against the host driver. In answering the third-party complaint, the latter added a cross action against Felker.

The collision occurred when the Sneed automobile being operated eastwardly at a speed of either 55 m. p. h. or 65 m. p. h. in a 55 m. p. h. zone came over the crest of a hill and despite braking of the vehicle ran into defendant's truck about 200 to 300 feet from the crest. Defendant approaching from the opposite direction was hit as he was turning his truck left and crossing the east-bound lane to enter a private driveway.

The jury verdict read: "We the jury find for the defendant. In the case of James Byrom, an innocent party, we feel that his expenses of $1,683.98, loss in wages and medical expenses, should be divided equally between William M. Felker and Willie C. Sneed." After the jury had been polled as to each individual's understanding of this verdict, the court rendered two judgments. In the suit by the host driver, judgment was entered for the defendant. In the other suit, that of the guest, judgment was rendered jointly against both the defendant Felker and Sneed (third-party host-driver defendant) for the amount stated in the verdict.

Following denial of new trial motions this single appeal was taken in behalf of each, the guest plaintiff and the host driver third-party defendant. *Held:*

1. We deal first with the attacks on the form of the verdict. Even though the jurors did not follow the forms contained in the instructions from the bench, its language clearly stated the findings of the jury. The judgments conformed to the verdict. As men, we know what the jury decided. They found both drivers to be equally at fault. As judges we must hold that there was no error in the form of verdict. See *Kamor v. Firemen's Fund Ins. Co.,* 133 Ga. App. 234 (211 SE2d 179). Assuming arguendo, error in failing to conform to legal technicalities, we must rule such failure to be harmless which would not require a

reversal and new trial. "Legal error" is a compound of error and injury. *Avary v. Avary,* 202 Ga. 22 (1) (41 SE2d 314).

2. Was there reversible error in the manner in which the trial judge undertook to help the jury handle the legal complexities? As a part of his instructions to the jury he explained that the veniremen would receive a handwritten sheet of paper containing two questions. These were worded for the jury to answer "yes or no." They were not suggestive of any verdict in favor of the defendant as contended. The jury disregarded the suggested forms and expressed their findings in their own way. This was not error.

3. Was the amount awarded to the guest plaintiff inadequate? The amount awarded was exactly equivalent to the guest plaintiff's medical expenses and loss of wages.

In compliance with Justice Frankfurter's tenet with a knowledge of human nature, we recognize that the jurors wanted the guest described in their verdict as "an innocent party" to be reimbursed for his out-of-pocket losses. As judges, we also recognize appellants' authorities such as *Anglin v. City of Columbus,* 128 Ga. 469 (57 SE 780) and *Simmons v. Brock,* 131 Ga. App. 275 (205 SE2d 716). The cited Supreme Court case ruled that there the award was not fairly compensatory as it failed to consider the element of pain and suffering. The latter citation from our court reversed a verdict of $1 on the basis of established law that when the jury finds liability, then any award for less than actual proven damages is grossly inadequate. Neither of these cases applies to the case at bar.

As judges, we must affirm the instant judgment on the basis of the controlling applicable authorities. The evidence here indicated existence of a prior medical problem as well as a question as to the extent of plaintiff guest's injuries. Accordingly, we regard the following legal principles as binding upon us: "A verdict for less than the amount of the plaintiff's proved medical expenses is not so inadequate as to require a new trial where there was testimony showing that the plaintiff's complaints were at least partially related to her physical condition prior to the collision." *McBowman v. Merry,* 104 Ga. App. 454 (1) (122 SE2d 136). "The amount of the

verdict is peculiarly a jury question." *Atlantic C. L. R. Co. v. Heath,* 57 Ga. App. 763, 771 (196 SE 125). "Every presumption and inference is in favor of the verdict, and the verdict in this case, for the same amount claimed as special damages, was not so small as to justify an inference of gross mistake or undue bias." *Pierson v. M. & M. Bus Co.,* 74 Ga. App. 537 (1) (40 SE2d 561). "This verdict has the approval of the trial judge, and absent a manifest abuse and miscarriage of justice it should not be disturbed by an appellate court on the ground of inadequacy. [Cit.]" *Maloy v. Dixon,* 127 Ga. App. 151, 165 (193 SE2d 19).

4. Did the court err in charging the jury as to the doctrine of "legal accident?" After the jury had deliberated for some period of time they returned to the courtroom with this question: "The jury wants to know if this was an unavoidable situation or an unavoidable accident, what sort of verdict should we return?" (T. 124). Thereupon the judge charged the jury as to the Georgia law on "legal accident."

As judges, we recognize this presents a genuine legal problem. Certainly, the facts that defendant did not request the charge and the court had not included it in the original charge indicates the closeness of the question. Nevertheless as men, we observe that this question came from the jurors. So, as judges, we must consider that the laymen considered the evidence to be such that they desired to be instructed on the subject of "unavoidable accident."

Do we have the right as judges to close our eyes to this possibility when we consider the legal meaning of "accident?" " '[T]he term [accident] has been used to refer to . . . a happening which, although not wholly free from negligence by such person, was not proximately caused by a failure of either of the parties to a case to exercise ordinary care in the situation.' 65 CJS Negligence § 21 (a) (1), p. 646, citing *Pickering v. Wagnon,* 91 Ga. App. 610 (86 SE2d 621) and *Boatright v. Sosebee,* 108 Ga. App. 19 (132 SE2d 155)." *Teppenpaw v. Blaylock,* 126 Ga. App. 576, 579 (191 SE2d 466, 469).

Where there is evidence of "accident" in the record, it is not error to charge the jury on that subject. *Caldwell v.*

*Knight,* 94 Ga. App. 827 (96 SE2d 331). See also *Cartey v. Smith,* 105 Ga. App. 809, 812 (2) (125 SE2d 723) and *Hieber v. Watt,* 119 Ga. App. 5, 9 (2) (165 SE2d 899) and citations in both cases. We find no error in the court's action in response to the jury's query.

5. The trial court was correct in overruling the general grounds in the motions for new trial. "Where the verdict can be supported under any proper view or theory of the evidence, it will not be set aside as being contrary thereto." *Sikes v. Bradley,* 20 Ga. App. 470 (1) (93 SE 111).

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

ARGUED JANUARY 13, 1976— DECIDED JANUARY 28, 1976.

*Walter S. Chew, Jr., Donald L. Lamberth,* for appellants.

*Joseph H. Davis, Smith & Jones, William E. Smith,* for appellees.

