## 57200. CALHOUN v. BRANAN.

WEBB, Presiding Judge.

Calhoun sued Branan alleging that Branan had negligently driven a vehicle into the rear of Calhoun's vehicle as a consequence of which he had received severe and crippling injuries resulting in at least 25% permanent injury to his body, incurred medical expenses of $1,275.25 and lost wages in the amount of $13,000. He sought damages of $100,000, the jury returned a verdict in his favor for $5,000, and he appeals from the judgment of that amount and the denial of his motion for new trial. We affirm.

1. We cannot agree with Calhoun's argument that the verdict was so grossly inadequate as to require a new trial because it was less than one-half of the amount of the undisputed proven special damages. Branan and two passengers in his vehicle testified that Branan "tooted" his horn at Calhoun twice when a traffic light turned green; that "he [Calhoun] started off and just as he got through the intersection, he stopped," causing the impact. There was also expert medical evidence that a boney encroachment had been growing over the site of a previous spinal fusion operation performed on Calhoun five years previously which would authorize the jury to

find that Branan's negligence was not the sole cause of Calhoun's injury and damage. In such cases the jury is free to decide what it thinks is a fair and reasonable amount of compensation under the circumstances. *McBowman v. Merry,* 104 Ga. App. 454 (1) (122 SE2d 136) (1961); *Byrom v. Felker,* 137 Ga. App. 400, 402 (3) (224 SE2d 72) (1976). "Furthermore, there is no evidence to support an inference of gross mistake or undue bias on behalf of the jury in rendering its verdict. [Cit.]" *Burnett v. Doster,* 144 Ga. App. 443 (1) (241 SE2d 319) (1978). "Inadequacy of the verdict does not appear simply because the amount is smaller than the plaintiff sought to obtain; and where the jury is authorized to consider the matter of comparative negligence, a verdict for a small amount will not generally be disturbed on the ground of inadequacy." *Maloy v. Dixon,* 127 Ga. App. 151, 152 (6) (193 SE2d 19) (1972).

2. Enumerations complaining of questions asked Calhoun on cross examination as to his previous back injury, which were allowed over objection that they were irrelevant, are without merit. "Our appellate courts have consistently followed the rule that 'an objection to evidence on the sole ground that it is irrelevant is not such an objection as would be reversible error to overrule.' [Cits.]" *Atlanta Coca-Cola Bottling Co. v. Ergle,* 128 Ga. App. 381, 382 (1) (196 SE2d 670) (1973). "Moreover, 'Questions of the relevancy of evidence are for the court. . . when facts are such that the jury, if permitted to hear them, may or may not make an inference pertinent to the issue, according to the view which they may take of them, in connection with the other facts in evidence, they are such that the jury ought to be permitted to hear them.' [Cit.]" *Ball v. State,* 145 Ga. App. 254 (243 SE2d 672) (1978). The court inquired into the subject matter of the testimony here complained of and found it to be relevant. "If evidence is of doubtful value, it should be admitted and its determination left for the jury. [Cit.]" *Mason v. State,* 146 Ga. App. 557, 558 (2) (247 SE2d 118) (1978).

*Judgment affirmed. Banke and Underwood, JJ., concur.*

ARGUED FEBRUARY 5, 1979 — DECIDED FEBRUARY 23, 1979.

*Rogers & McCord, John R. Rogers,* for appellant.
*G. Mallon Faircloth,* for appellee.