A89A1991. BOND v. DAVIS.
(390 SE2d 627)

McMURRAY, Presiding Judge.

Louise G. Bond (plaintiff) brought an action against Judy A. Da-

vis (defendant) and alleged that she sustained injuries when defendant negligently collided into the rear of her vehicle.

The case was tried before a jury and the evidence revealed that defendant's vehicle collided into the rear of plaintiff's vehicle while plaintiff was attempting to negotiate a stream of water which was unexpectedly flowing across the roadway. The jury returned a verdict for plaintiff in the amount of $2,500. When judgment was entered, plaintiff's award was reduced to zero according to the parties' pre-trial stipulation "that the sum of personal injury protection benefits received by the plaintiff from her own insuror [sic] in the amount of $5,000.00 would be deducted from any verdict rendered by the jury . . . ." Plaintiff's motion for new trial was denied and this appeal followed. *Held*:

1. In her first, second and third enumerations, plaintiff contends the trial court erred in charging the jury on accident, sudden emergency and absolute negligence. In her fifth, sixth and seventh enumerations, plaintiff contends the trial court erred in failing to give three of her requested instructions.

We have examined the jury instructions which form the basis of the above enumerations and find that they relate solely to the issue of liability. In light of the jury's verdict for plaintiff on the issue of liability, we find no harmful error. *Foist v. Atlanta Big Boy Mgmt.*, 166 Ga. App. 304, 305 (2) (304 SE2d 111). See *Fred F. French Mgmt. Co. v. Long*, 169 Ga. App. 702 (1), 703 (314 SE2d 666).

2. In her fourth enumeration of error, plaintiff contends the trial court erred in charging the jury on nominal damages, arguing that the "charge of nominal damages emphasized and unduly stressed the reduction of any award of damages. . . ."

The trial court's instruction on nominal damages was as follows: "I charge you that damages are given as compensation for an injury done, and generally this is the measure when damages are of a character to be estimated in money. If the injury is small or mitigating circumstances are strong, only nominal damages are given. What would be a proper amount of nominal damages is a question for you to decide under all the facts and circumstances of this case." This instruction is a correct statement of law. OCGA § 51-12-4. Further, we find nothing in the charge which "unduly" emphasized or stressed a need for the jury to reduce plaintiff's damages. This enumeration is without merit.

3. Finally, plaintiff challenges the jury's verdict, arguing that the verdict was below the amount of special damages proved by uncontradicted evidence. This argument is without merit.

Although plaintiff produced uncontradicted evidence showing that her special damages far exceeded the jury's verdict, plaintiff's own physician testified that he examined plaintiff on several occa-

sions after the accident and that his findings were not consistent with plaintiff's claim that her neck was severely injured in an automobile collision. In fact, plaintiff's physician testified that plaintiff was exaggerating the magnitude of her symptoms and that she requested him to prepare a "slip" which excused her from all work related activities and that, in his opinion, a "no-work slip" was unnecessary because his records showed that plaintiff was not then employed. This evidence was sufficient to authorize a finding that defendant's negligence was not the sole cause of plaintiff's special damages. "In such cases the jury is free to decide what it thinks is a fair and reasonable amount of compensation under the circumstances. *McBowman v. Merry*, 104 Ga. App. 454 (1) (122 SE2d 136) (1961); *Byrom v. Felker*, 137 Ga. App. 400, 402 (3) (224 SE2d 72) (1976)." *Calhoun v. Branan*, 149 Ga. App. 160 (1), 161 (253 SE2d 838).

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED FEBRUARY 2, 1990.

O. L. Crumbley, Jr., Charles R. Free, for appellant.
W. Dennis Mullis, for appellee.