A91A1118. PHEIL et al. v. SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY et al.
(412 SE2d 609)

ANDREWS, Judge.

The Pheils appeal from a jury verdict in favor of Southern Bell in their lawsuit for damages arising out of an automobile accident. Southern Bell stipulated liability in the accident and the case was tried solely on the issue of damages.

1. In their first enumeration of error, the Pheils claim that the trial court erred in refusing to disqualify a juror for cause, thus requiring the use of a peremptory strike. The juror over whom the dispute arose was the wife of a retired Southern Bell employee who received a pension from the company. The trial judge examined the juror and determined that she could render a fair and impartial verdict.

"Relationship to an employee of a corporation does not in this State render a juror incompetent, as a matter of law, to serve on the trial of a case in which the corporation is a party." (Citations and quotations omitted.) *Wilson v. Atlantic C. L. R. Co.*, 116 Ga. App. 193, 194 (156 SE2d 463) (1967). Here, the juror's husband retired from the company in 1971, the trial court found that the juror could render an impartial verdict, and there was no evidence that either she or her husband had any financial interest in the outcome of the litigation. See generally OCGA §§ 15-12-134; 15-12-135 (a). "The trial judge has a discretion in determining whether a juror can decide the case in accordance with the evidence presented during the trial and without bias or partiality or outside influences. Unless there is manifest abuse we cannot require a new trial. We find no such abuse here." (Citations and punctuation omitted.) *Poulnott v. Surgical Assoc. of Warner Robins*, 179 Ga. App. 138, 139 (1) (345 SE2d 639) (1986).

2. In their second enumeration of error, the Pheils claim that the trial court erred in allowing testimony from Crisp County Board of Education employees in violation of the Federal Family Educational Rights & Privacy Act of 1974. Pretermitting the question of whether the information testified to was protected, the enumeration is without merit since the Pheils failed to object to the testimony at trial and the issue cannot be raised for the first time on appeal. *Morris v. Southern*

*Bell Tel. &c. Co.*, 180 Ga. App. 145 (2) (348 SE2d 573) (1986).

3. In their third enumeration of error, the Pheils claim a new trial is required in that the trial court erred by not sustaining their hearsay objection to a question regarding the fact that a previous attorney referred Mrs. Pheil to a doctor. This argument is without merit.

4. In their fourth through tenth, sixteenth, seventeenth and eighteenth enumerations of error, the Pheils claim that the trial court erred in various instructions to the jury.

(a) In their fourth enumeration of error, the Pheils claim that the trial court failed to properly instruct the jury on defense counsel's statements to the jury in closing argument. The Pheils' attorney objected to defense counsel's improper argument, the court sustained the objection and no further action was requested of the court.

Therefore, "[w]e reject this argument because it is well-settled that a sustained objection to improper argument of counsel cannot serve as the basis for reversal unless it is contemporaneous with a denied motion for mistrial, denied request to strike or denied request for curative instructions, none of which were made by defendant's counsel below." (Citations and punctuation omitted.) *Carver v. State*, 185 Ga. App. 436, 438 (2) (364 SE2d 877) (1987); see also *Seaboard Coast Line R. Co. v. Wallace*, 227 Ga. 363, 365 (180 SE2d 743) (1971).

(b) In enumerations five and six, the Pheils claim that the trial court erred in charging the jury regarding nominal and exaggerated damages in that the charges were misleading and not supported by the evidence. The nominal damage charge was supported by the evidence and was proper. See generally OCGA § 51-12-4; *Bond v. Davis*, 194 Ga. App. 379 (390 SE2d 627) (1990). Similarly, the instruction regarding whether Mrs. Pheil magnified her damages was justified by the evidence.

(c) The Pheils' enumerations of error seven, eight, nine, ten, sixteen, seventeen and eighteen raise various claimed errors in the trial court's instructions. Because no objection was raised to these charges below, we will not consider these enumerations. *Wigley v. Hambrick*, 193 Ga. App. 903 (5) (389 SE2d 763) (1989).

5. In their twelfth enumeration, the Pheils claim that the trial court erred in allowing the defendant's driver to testify contrary to the stipulation of liability by the defendants. Again, no objection was made at trial to this testimony and the Pheils may not raise this issue for the first time here. *Morris*, supra.

6. Despite the fact that they were granted an extension of time within which to submit their brief, the Pheils failed to support enumerations number eleven, thirteen, fourteen and fifteen with arguments or citations of authority in their initial brief. Although they submitted argument supporting these enumerations in subsequently filed briefs, the Pheils' complete failure to submit any argument or

citation of authority in support of these enumerations initially means that such enumerations are deemed abandoned. Rule 15 (c) (2); see *Prevost v. Taylor*, 196 Ga. App. 368, 370 (396 SE2d 17) (1990).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 18, 1991.

*John N. Crudup*, for appellants.
*James W. Hurt & Associates, James W. Hurt*, for appellees.