ATKINSON *v.* THE STATE.　　MOORE *v.* THE STATE.

LEWIS, J. 1. The fact that a juror is closely related to one acting as a partisan for the State in a criminal prosecution affords no ground of challenging such juror for cause.

2. A charge upon the law relating to the relative probative value of positive and negative testimony should not be given when there is nothing in the case on trial to authorize the same. Where the evidence in behalf of the State consists of the testimony of a witness or witnesses who swear positively to the

commission of the crime, and the evidence in behalf of the accused consists of testimony tending to show an alibi, and to impeach the State's witness or witnesses, the law relating to the above-mentioned subject is not applicable, and the giving of it in a close or doubtful case is cause for a new trial.

3. The petitions for certiorari do not, other than as above indicated, disclose the commission of any error by the judge of the court in which these cases were originally tried. But according to the allegations of those petitions, which, for the purpose of determining whether or not they ought to have been sanctioned, should have been assumed as true, the judge of the superior court erred in not sanctioning the same.

*Judgment in each case reversed.   All the Justices concurring.*

Argued December 17,—Decided December 19, 1900.

Certiorari.    Before  Judge  Smith.    Dodge superior court.
November 5, 1900.

*Herrman & Highsmith*, for plaintiffs in error.
*J. F. DeLacy, solicitor-general,* contra.