## CAMPBELL *v.* THE STATE.

1. One Kirbo had contributed to the employment of counsel for the defendant. Bennett was his overseer, employed on a salary. Bennett was on the panel of jurors. He answered the statutory questions on his voir dire in a manner to qualify him, and was accepted by the State and the accused. Counsel for the State knew that Kirbo had contributed to the employment of counsel for the defendant, but not that Bennett was his overseer. A few moments after the juror had been accepted, counsel for the State learned that he was in the employment of Kirbo. The solicitor-general moved that Bennett be excluded from the jury. The court heard evidence tending to show the facts above stated, held that Bennett was thereby rendered incompetent, sustained the challenge of the State, and, over objection of defendant's counsel, declined to permit the juror to serve. *Held*, that this was error.

2. The words "reasonable doubt" are plain English words, and elaborate discussions and amplifications of them often fail to result in elucidation. The charge on that subject, of which complaint is here made, though somewhat elaborate in its definition, is not such as to require a new trial. *John* v. *State*, 33 *Ga.* 257.

3. Exception was taken to the following charge of the court: "I charge you, gentlemen, that the party who sets up self-defense to justify himself in taking human life, under the law of justifiable homicide, must be without fault at the particular time of the killing, and in the particular act of killing. One can not by his own act and conduct create a necessity in another to defend himself, and then justify himself in killing the party who attempted to defend himself against the necessity of the defendant's own creation. But of course that does not mean that he must be without any fault whatever during the entire transaction, but without fault at the time of the killing." This charge was not error when taken in connection with the general charge.

(*a*) The court was charging on the subject of justification, and not that of possible reduction of the grade of a homicide. Penal Code (1910), § 73; Wharton on Homicide (3d ed.), §§ 315, 316, 318, 319.

4. In a criminal case where the presiding judge has fully and fairly charged

the jury concerning the law of reasonable doubt, he is not bound to give a requested instruction, in effect, that if they have a reasonable doubt as to the existence of some particular and specially enumerated fact, or what should be the proper inference therefrom, it would be their duty to give the accused the benefit of such doubt; nor, after a full and fair charge on the subject of reasonable doubt, is he bound to instruct the jury, on request, to the effect that if they have a reasonable doubt as to whether the circumstances surrounding the defendant at the time of the killing of the deceased were sufficient to excite the fears of a reasonable man that his life was in danger, or that a felony was about to be committed upon his person, or as to whether he acted under the fears of a reasonable man, it would be their duty to give the accused the benefit of the doubt and acquit him. *McDuffie* v. *State*, 90 *Ga.* 786 (17 S. E. 105) ; *Dotson* v. *State*, 129 *Ga.* 727 (4), 729 (59 S. E. 774) ; *Strickland* v. *State*, 133 *Ga.* 76 (2), 78 (65 S. E. 148).

5. A written request was made to charge the following: "I charge you, gentlemen of the jury, that shooting at another with a gun or pistol, not in one's own defense and not in sham battle by the military, and not under other circumstances of justification according to the principles of the code, is a felony. I also charge you that the offense of assault with intent to murder is a felony." While the presiding judge gave a general charge as to what would constitute a felony, and, at one point of his charge, gave the rule rather more favorably to the accused than he was entitled to, the charge above recited should have been given.

6. It is not necessary to consider the remaining grounds of the motion for a new trial in detail. Some of them were expressly abandoned. Some are controlled by what has been said above. Some are based on requests to charge, which either inaccurately dealt with the propositions involved, or were not authorized by the evidence, and some of the requests were substantially covered by the general charge. None of these grounds are such as to require a new trial.

(a) As the case is to be returned for another trial because of certain grounds above indicated, and as the matters complained of, such as the judge's going out of the county during a recess pending the trial, will not be likely to occur again, and as the alleged newly discovered evidence, so far as it may be admissible, can be introduced on another trial, no discussion in regard to grounds involving such matters, or in regard to the sufficiency of the evidence to support the verdict, is deemed appropriate.

NOVEMBER 10, 1915.  REHEARING DENIED DECEMBER 17, 1915.

Indictment for murder.  Before Judge Cox.  Mitchell superior court.  April 24, 1915.

*Pottle & Hofmayer, J. J. Hill, H. H. Merry, Charles Watts Jr., E. M. Davis,* and *Stanley S. Bennet,* for plaintiff in error.

*Clifford Walker, attorney-general, R. C. Bell, solicitor-general, F. A. Hooper, W. M. Harrell, Haggard & Collins,* and *Mark Bolding,* contra.

LUMPKIN, J. The headnotes sufficiently show the points decided, and, with one exception, require no elaboration. That exception is the ruling as to the sustaining of the challenge to the juror. It was held in *Dumas* v. *State, 62 Ga.* 58, that where a county commissioner took part officially in promoting a prosecution, by voting county funds to pay a reward for the prisoner's apprehension, by aiding to employ counsel to prosecute, and by aiding· in the preparation of the case, which was tried under a special presentment of the grand, jury, he should be considered as a voluntary prosecutor, and that his nephew was not a competent juror. In *Lyens* v. *State, 133 Ga.* 587 (66 S. E. 792), it was held, that where one contributes to a fund to be used in the employment of an attorney to aid the solicitor-general in the prosecution of a particular person for an alleged· offense with which he is charged, and the attorney renders such aid upon ,the trial of the case, the person so contributing is to be considered as a voluntary prosecutor, and that one who is related to such prosecutor "within the fourth degree" ·(why the fourth instead of the ninth is not apparent) is not competent to sit as a juror on such a trial. In a criminal case the State is the real party. But the prosecutor is so far a party that his relatives within the prohibited degree can not sit upon the jury. Penal Code (1910), § 999, par. 4.

The two cases above mentioned carried the rule to the extent stated. In *Atkinson* v. *State,* 112 *Ga.* 411 (37 S. E. 747), it was held that the fact that a juror is closely related to one acting as a partisan of the State in a criminal prosecution affords no ground for challenging such juror for cause. In the record on· file in the clerk's office of this court it appears that such partisan actively assisted the solicitor-general in the prosecution, by assisting in striking the jury, prompting questions, and suggesting witnesses. Assuming it to be settled that there may be such a thing as a voluntary prosecutor by reason of contributing money to aid the prosecution, and that such a person is not a partisan only whose act evidences bias, but is a quasi prosecutor, nevertheless, in the trial of one charged with a capital felony, we are unable to see how there can be such a thing as a voluntary defendant. The employee of a person contributing to pay counsel for the accused is not disqualified as a matter of law by reason of such relation. In the present case no motion was made to put the juror upon the court as a

trior, on the ground of bias. Without referring to the time when the motion was made, it was error to grant it. The error was material.

*Judgment reversed. All the Justices concur, except Beck, J., absent.*

### ON MOTION FOR REHEARING.

A motion for a rehearing is made by counsel for the State, on the ground that this court overlooked the fact that the employer of the juror referred to in the first headnote was a brother-in-law of the accused. The motion for a new trial does not show that the court based his judgment, withdrawing the juror from the panel, on that fact, though it is stated that it appeared from the evidence. But aside from this, there is no merit in the point. If a kinsman of a brother-in-law of a party is not akin to the party, and therefore not disqualified to act as a juror (*Central R. Co.* v. *Roberts*, 91 *Ga.* 513; *Everett* v. *Ingram*, 142 *Ga.* 145), a fortiori an employee of a brother-in-law is not disqualified.