### 10225.　WILLIAMS *v.* THE STATE.

BROYLES, P. J.  1. The fact that a juror is related within the prohibited degree to a witness for the State in a criminal prosecution does not render him incompetent to serve as a juror upon the trial of the case. *Atkinson* v. *State*, 112 *Ga.* 411 (37 S. E. 747); *Atlantic Coast Line R. Co.* v. *Mead*, 22 *Ga. App.* 70 (95 S. E. 476); 16 R. C. L. 259, § 77.

(a) The contention of the accused, as set forth in his motion for a new trial, was that the witness who was related to one of the jurors was the "prosecuting witness," and "to all intents and purposes was in fact the prosecutor in said case." Even if this contention were supported by the affidavits submitted, and even if the proof of this contention were sufficient in law to establish the disqualification of the juror, yet, as the evidence submitted by the movant was met by a counter-showing by the State, the judge was the trior of this issue, and it does not appear that he abused his discretion in resolving it in favor of the State.

2. The verdict was authorized by the evidence, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Bloodworth and Stephens, JJ., concur.*
DECIDED MARCH 7, 1919.

Accusation. of misdemeanor; from city court of Blackshear—Judge Mitchell.   October 26, 1918.

*James R. Thomas, W. W. Bennett,* for plaintiff in error.

*S. F. Memory, solicitor,* contra.