## 12290.   CASWELL v. THE STATE.

BROYLES, C. J.   1. One who is closely related to persons who assist the solicitor-general in striking a jury in a criminal case is not incompetent, for that reason, to sit as a juror in that case. *Atkinson* v. *State*, 112 *Ga.* 411 (37 S. E. 747); *Griffin* v. *State*, 18 *Ga. App.* 402 (4), 404 (89 S. E. 625); *Williams* v. *State*, 23 *Ga. App.* 518 (98 S. E. 557). (LUKE, J., dissents.)

2. The mere fact that a person is over sixty years of age does not disqualify him from acting as a juror in a criminal case. *Staten* v. *State*, 141 *Ga.* 82 (80 S. E. 850).

3. It was not error to deny a motion for a mistrial in a criminal case upon the ground that the defendant had not been arraigned and had not waived arraignment, which motion was made after the jury had been struck and sworn, but before any testimony had been delivered or any witnesses sworn, or the defendant been called upon to plead, where he sat silently by and allowed the jury to be struck and sworn before he called the court's attention to the fact that he had not been formally arraigned.   "A person may waive or renounce what the law has established in his favor, when he does not thereby injure others or affect the public interest."   1 Park's Ann. Code, § 10.   It seems to us, as suggested by Judge Harris in *Bryans* v. *State*, 34 *Ga.* 325, that "the accused was entirely estopped from objecting that there was no arraignment and plea or issue in the case; as he had proceeded to select his jury, and allowed them to be sworn, 'to try the issue formed on this bill of indictment between the State of Georgia and himself.

charged,' etc. His silence and conduct, in the presence of the court, entirely cognizant of the omission, and not objecting to proceeding, authorized the court to presume an issue; he should not, after what had transpired, be permitted to deny that there was no issue." See also *Reddick* v. *State*, 149 *Ga*, 822 (102 S. E. 347).

4. Grounds 4 and 6 of the amendment to the motion for a new trial, alleging error in admitting, over the defendant's objections, certain oral testimony, cannot be considered, as neither ground gives the name of the witness whose testimony was objected to. *Hunter* v. *State*, 148 *Ga*. 566 (97 S.· E. 523); *Adams* v. *State*, 22 *Ga. App*. 252 (95 S. E. 877), and citations.

5. The 5th ground of the amendment to the motion for a new trial complains of the admission, over the defendant's objections, of the following testimony of R. P. Ezell: "I thought Mr. Jim Caswell had passed on by, and my daughter said, 'Papa, he is in the yard, and don't go out there; he will kill you.'" This ground is in two particulars too defective to be considered. In the first place, all of the testimony was objected to, and, while what the daughter said may have been hearsay and inadmissible, the first part, to wit, "I thought Mr. Jim Caswell had passed on by," was not subject to that objection, which was the only objection made as to the admissibility of the evidence. In the second place, it would require an examination of the brief of the evidence to determine the materiality of this testimony. *Hunter* v. *State*, 148 *Ga*. 566 (2) (97 S. E. 523); *Cæsar* v. *State*, 22 *Ga. App*. 796 (97 S. E. 255), and citations.

6. Ground 7 complains that the court erred in admitting, over the defendant's objections, certain testimony about a previous difficulty between other parties, in which the defendant had no part. This ground is without merit, as it appears, from a note of the trial judge and an exhibit attached to the ground, that counsel for the defendant first drew from witnesses the fact that the other parties referred to had had a difficulty, and the State had a right to show under what circumstances the difficulty occurred. If the State had not been allowed to do so, under the facts of the case, the evidence elicited by the defense would have been unfairly prejudicial to the State's cause.

7. Ground 8 complains that the court erred in refusing to give a certain charge requested in writing. This ground, however, is too defective to be considered, as it is not shown in the ground, or even alleged therein, that the requested charge was applicable to the facts of the case.

8. Grounds 9, 10, and 11 complain, respectively, that certain excerpts from the charge of the court unduly stressed the contentions of the State and ignored the contentions of the defendant. When those excerpts are considered in the light of the entire charge—which was a full and fair presentation of the contentions of both sides — they are not subject to ·the criticism made, and are not erroneous for ,any reason assigned.

9. Ground 12 is as follows: "Movant contends that the court erred in charging the jury as follows: 'The defendant, on the other hand, contends that he received information that Mr. Robert Ezell had shot his father and that he went up there on a peaceable mission to find why his father had been shot.' The error consists in the trial judge misstating the contentions of the defendant, embodied in his statement. In the statement of the defendant he says: 'I went up the road with no intention of any fuss, but with the intention of bringing him home.' And

again in the defendant's statement he says: 'I went up there with no intention for no fuss, and had no thought of anybody shooting at me that way.' 'I went up there to bring my father home.' The defendant did not put up any evidence, and relied entirely upon his statement, and in no instance can it be found in the defendant's statement that he said he went up there ' to find why his father had been 'shot.' " There is no substantial merit in this ground of the motion, as the main and controlling contention of the defendant was that he went on a *peaceable* mission, and the court so charged.

10. The verdict was authorized by the evidence, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Bloodworth, J., concurs. Luke, J., dissents.*

DECIDED MAY 12, 1921.

Conviction of assault with intent to murder; from Jasper superior court — Judge Park. February 14, 1921.

Application for certiorari was denied by the Supreme Court.

*Davidson, Callaway & DeJarnette, E. M. Baynes,* for plaintiff in error.

*Doyle Campbell, solicitor-general, A. Y. Clement, Greene F. Johnson,* contra.

LUKE, J., dissenting. Under the particular facts of this case I do not agree to the first ruling stated in the decision. The case of *Dumas* v. *State,* 62 *Ga.* 59, in my opinion, is authority for my view, it being there held: " The nephew of a county commissioner is not a competent juror, if the uncle has taken part officially in promoting the prosecution, by voting county funds to pay a reward for the prisoner's apprehension, by aiding to employ counsel to prosecute, and by aiding in the preparation of the case, the indictment being a special presentment of the grand jury. The uncle is to be considered as 'a volunteer prosecutor, no law requiring him to perform that function as a county commissioner."