### 14693. SHEPPARD *v.* THE STATE.

BROYLES, C. J. 1. In the state of the record it is not made to appear that the court erred in admitting evidence as complained of in ground 1 of the amendment to the motion for a new trial.

2. When the excerpt from the charge of the court, excepted to, is considered in the light of the entire charge and the facts of the case, no harmful error appears.

3. Failure to instruct the jury that "involuntary manslaughter shall consist in the killing of a human being without any intention to do so, but in the commission of a lawful act where there has not been observed necessary discretion and caution, [and] shall be punished as for a misdemeanor," was not error, as such a charge does not properly define the offense of involuntary manslaughter, or the offense of involuntary manslaughter in the commission of a lawful act.

4. Under repeated rulings of the Supreme Court and of this court, a special ground of a motion for a new trial must be complete and understandable within itself. And when such a ground complains of the failure, or the refusal, of the court to give certain instructions to the jury, it must be shown in the ground itself that the instructions were applicable to the facts of the case. *Caswell* v. *State,* 27 *Ga. App.* 76 (7) (107 S. E. 560). Under this ruling ground 4 of the amendment to the motion for a new trial raises no question for the consideration of this court.

5. The verdict was authorized by the evidence, and the refusal to grant a new trial was not error.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED JULY 25, 1923. REHEARING DENIED SEPTEMBER 26, 1923.

Indictment for involuntary manslaughter; from Troup superior court — Judge Roop. April 27, 1923.

*M. U. Mooty, Harry M. Breed,* for plaintiff in error.

*W. Y. Atkinson, solicitor-general, J. C. Sullivan,* contra.