### 21933. MARTIN *v.* THE STATE.

BROŸLES, C. J. 1. The indictment was not subject to the general or special demurrers interposed.

2. The court did not err in holding that one of the jurors was disqualified to serve as a member of the jury. The juror at first qualified himself by his answers to the voir dire questions put to him, but subsequently the côurt asked 'him, was his mind perfectly impartial between the State and the accused, and the juror replied that it was not. "Jurors on both the civil and criminal side of the court must be *'omni exceptione majores.'"* See, in this connection, *Cambron* v. *State,* 164 *Ga.* 111 (137 S. E. 780); *Temples* v. *Central of Ga. Ry. Co.,* 15 *Ga. App.* 115 (82 S. E. 777); *McLaren* v. *Birdsong,* 24 *Ga.* 265, 269.

3. Under the particular facts of this case, the remaining special ground of the motion for a new trial, contending that the indictment against Walter C. Taylor (referred to in the indictment in the instant case) was not a valid indictment, is without merit.

4. The evidence amply authorized the verdict, and the refusal to grant a new trial was not error.

*Judgment affirmed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*

DECIDED JANUARY 12, 1932.

568

*W. R. Bentley,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, E. A. Stephens,* contra.