### 32867, 32868. CARR v. CARR;
### and vice versa.

NICHOLS, Chief Justice.

This is an appeal by the wife in a divorce and alimony action and a cross appeal by the husband from the decree entered on a jury verdict.

1. The wife's first enumeration of error contends the trial court erred in entering a judgment on the pleadings on the issue of divorce. The wife's original petition sought a divorce on the ground of cruel treatment. The husband counterclaimed, alleging abandonment and cruel treatment. He subsequently amended his counterclaim, alleging the marriage was irretrievably broken and moved for judgment on the pleadings. The wife then amended her petition to deny the marriage was irretrievably broken, but did not withdraw the allegation of cruel treatment.

"No fault divorce judgments on the pleadings have been granted where one party sought a divorce on the ground that the marriage was irretrievably broken and the other party counterclaims for divorce on the same or any other ground. The basis for these decisions is that the pleadings show that there is no dispute over the fact that the marriage has ended in fact. [Cits.]" *Dickson v. Dickson,* 238 Ga. 672 (4) (235 SE2d 479) (1977). There is no merit in this enumeration of error.

2. The wife's second enumeration of error contends the trial court erred in ruling out any evidence of the conduct of either party due to the fact that a divorce had been granted on no fault grounds and that the only issue to be resolved by the jury was the amount of alimony.

"The only issue to be resolved by the jury is the *amount* of alimony considering only the need of the wife and the ability of the husband to support her. *Mack v. Mack,* [234 Ga. 692 (217 SE2d 278) (1975)]; *Fried v. Fried,* 211 Ga. 149 [(84 SE2d 576) (1954)]; *Robertson v.*

*Robertson,* 207 Ga. 686 (63 SE2d 876) (1951)." *Anderson v. Anderson,* 237 Ga. 886, 892 (230 SE2d 272) (1976). There is no merit in this enumeration of error but see Ga. L. 1977, pp. 1253, 1256, amending Code § 30-201.

3. The wife's third enumeration of error contends the trial court erred in refusing to disqualify a juror who was an employee of the husband. The juror was an employee of the Vienna News Observer, and the husband was the publisher and sole stockholder. The husband contended the juror was an employee of the corporation and not an employee of his. As publisher, he is the chief administrative officer of the corporation and the one on whom the prospective juror's continued employment depended.

Code Ann. § 59-704 (Ga. L. 1975, pp. 1331, 1332), requires that there be 24 competent and impartial jurors from which to strike a jury. The trial court erred in failing to disqualify this prospective juror. *Melson v. Dickson,* 63 Ga. 682, 686 (1879); *Bryan v. Moncrief Furnace Co.,* 168 Ga. 825 (1) (149 SE 193) (1929); *Coleman v. Newsome,* 179 Ga. 47 (174 SE 923) (1934); *Atlantic C. L. R. Co. v. Bunn,* 2 Ga. App. 305, 306 (58 SE 538) (1907); *American Cas. Co. v. Seckinger,* 108 Ga. App. 262 (1) (132 SE2d 794) (1963); and *Jones v. Cloud,* 119 Ga. App. 697, 705 (168 SE2d 598) (1969).

4. The wife's fourth enumeration of error contends the trial court erred in excluding testimony of the wife's contribution to the marriage. This contention is without merit. The record shows that the only restriction placed on the wife's testimony was the conduct of the parties as it affected the marriage inasmuch as a divorce had been granted on the pleadings.

5. The remaining enumerations of error complaining of the charge have been carefully examined and show no error.

6. The husband's cross appeal complains of the trial court's order requiring the husband to transfer title to the car awarded the wife free and clear of any incumbrance. This enumeration of error has been rendered moot by the ruling in Division 3.

*Judgment on main appeal reversed; cross appeal dismissed. All the Justices concur.*

SUBMITTED OCTOBER 14, 1977 — DECIDED NOVEMBER 8, 1977.

*William F. Woods,* for appellant.
*Hurt & Pfeiffer, James W. Hurt,* for appellee.