## 34414. TAYLOR v. THE STATE.

MARSHALL, Justice.

The defendant appeals from his convictions of murder, rape, sodomy, aggravated assault and armed robbery, for which he was given a life sentence for each offense, other than 10-years' imprisonment for aggravated assault.

1. The first enumeration of error is the denial of a Brady[1] motion for an in camera inspection of all investigatory information and materials in the possession of the state which linked with illicit drug activities, any owner, past or present, of the retail clothing store where the crimes were perpetrated.

The burden is on the appellant to show that he was denied beneficial evidence which was so important that its absence prevented his receiving a fair trial, and to show how his case has been materially prejudiced, even

---

[1]Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963).

though the trial court declined to make the in camera inspection. *Pryor v. State,* 238 Ga. 698, 706 (5c) (234 SE2d 918) (1977) and cits., cert. den. 434 U. S. 935 (98 SC 422, 54 LE2d 294), reh. den. 434 U. S. 1003 (1977).

The appellant contends that the suspected involvement in illicit drug activity of one of the part owners of the store would be material in that the son of the other part owner was one of the two men who chased the perpetrator on foot and identified him as the appellant, thereby possibly giving him some undisclosed interest in prosecuting the appellant, and in that evidence of illegal drug activity at the store might authorize a finding that the appellant was seized by a compulsional delusion in entering the store. However, the trial court conducted an in camera hearing, in which evidence was adduced indicating that the state had at no time conducted an investigation of drug activity at the store, that the state had no information that the store or its employees were in any way linked with drug activities, and that, although the state had received rumors from an informant, in the course of an investigation of alleged drug activities in Ware County, as to the store's part owner's suspected drug-related activities, such rumors had produced no evidence which could be used against him. The investigation produced no information that the other part owner or his son, the state's witness, were in any way involved in illegal drug traffic.

Furthermore, even if the state had information linking the part owner with drug activity, that information would be immaterial to the crimes in question. The other part owner's son only became involved in the case when his help was sought and under circumstances wherein he could have identified the appellant only by the clothing that he wore. There was positive identification of the appellant as the perpetrator by witnesses other than the part owner's son. Moreover, there was no testimony indicating that the appellant's visit to the store was in any way connected with drugs, and a search by police of the establishment after the crimes revealed no evidence of drugs on the premises.

The Constitution does not require police to provide a defendant with all police investigatory work, and the

mere possibility that an undisclosed item of information might have helped the defendant or might have affected the outcome of a trial, is not sufficient to establish materiality under Brady v. Maryland, especially where there is no reasonable doubt about guilt whether or not the additional evidence is considered. United States v. Agurs, 427 U. S. 97, 109 (96 SC 2392, 49 LE2d 342) (1976). In the case sub judice, the fact that there is no reasonable doubt about guilt is reenforced by the fact that the sufficiency of the evidence to authorize the convictions is not urged on appeal. Accordingly, we find that the appellant has not carried his burden with respect to his Brady motion.

2. The second enumerated error is the failure to excuse for cause juror Mercer, on the ground that her son was one of the state's witnesses.

The conduct of the voir dire and whether to strike a juror for cause, are within the discretion of the trial court, and the court's rulings are proper absent some manifest abuse of discretion. *Patterson v. State,* 239 Ga. 409, 411 (1) (238 SE2d 2) (1977) and cits. The fact that a juror is related to one of the witnesses for the state in a criminal prosecution, does not render the juror incompetent and subject to dismissal for cause. *Atkinson v. State,* 112 Ga. 411 (1) (37 SE 747) (1900); *Williams v. State,* 23 Ga. App. 518 (98 SE 557) (1919).

Although the juror testified on voir dire that she would trust the testimony of her son, she also indicated that she could fairly consider all of the evidence and render an impartial verdict by applying the evidence to the court's charge regardless of who the witnesses were. Furthermore, her son's subsequent testimony was uncontradicted, simply relating to the results of his investigation and the identification of state's exhibits 15, 16 and 20. Failure to strike this juror for cause was neither an abuse of discretion nor harmful error.

3. The third enumerated error is the failure to excuse for cause juror Van Winkle, on the ground that she had testified on voir dire that she believed that the defendant was at the scene of the crime, because he was arrested and because of radio reports and discussions at the school where she taught.

A juror is not incompetent merely because he "had a little opinion" about the case. *Butler v. State,* 231 Ga. 276 (3) (201 SE2d 448) (1973). "When a prospective juror has formed an opinion based on hearsay (as opposed to being based on his having seen the crime committed or having heard the testimony under oath), to disqualify such individual as a juror on the ground that he has formed an opinion on the guilt or innocence of a defendant, the opinion must be so fixed and definite that it would not be changed by the evidence or charge of the court upon the trial of the case. [Cits.]" *Tennon v. State,* 235 Ga. 594, 596 (2) (220 SE2d 914) (1975). This prospective juror testified that she had no opinion on the defendant's guilt or innocence, that if selected as a juror, she could listen to all of the evidence and arrive at a verdict based on that evidence applied to the law as charged by the court, regardless of any talk which she had heard, and that she would not let anything she had previously heard or read sway her. There was no abuse of discretion in failing to strike this juror for cause.

4. There was no abuse of discretion, as contended in enumerated errors 4 and 5, in excusing juror Henderson for cause when it appeared that he was related by marriage to the defendant, had known him a long time, did not believe he was guilty, and where he testified on voir dire that he could not be perfectly impartial between the state and the accused. See *Carr v. Carr,* 240 Ga. 161 (3) (240 SE2d 50) (1977) and cits.; *Jones v. Cloud,* 119 Ga. App. 697, 706-707 (5) (168 SE2d 598) (1969); *Martin v. State,* 44 Ga. App. 567 (2) (162 SE 150) (1932). The appellant's contention, that Henderson's bias was less than that of potential jurors Mercer and Van Winkle, is unsupported, the latter two having formed no opinion as to the guilt or innocence of the accused.

Nor was the defendant denied due process of law, as claimed, by the peremptory striking of all black potential traverse jurors. *Jordan v. State,* 235 Ga. 732 (1) (222 SE2d 23) (1975) and cits., following Swain v. Alabama, 380 U. S. 202 (85 SC 824, 13 LE2d 759) (1965). See also *Willis v. State,* 243 Ga. 185 (2) (1979).

5. Enumerated error 6, which is not supported in the brief by citation of authority or argument, is deemed to

have been abandoned under Rule 18(c) (2) of this court. 235 Ga. 876.

6. In enumerated error 7, the appellant contends that a mistrial was required when a police captain, questioned as to whether he could recognize the party he had arrested after the crimes, answered by identifying the defendant in the courtroom and then volunteering that "I've known him previously" and "I've had—I know him." The appellant urges that this testimony improperly interjected his character in evidence by indicating that the witness had had previous dealings with the appellant, which were, impliedly, related to prior offenses committed by the appellant.

Even if the witness had gone on to complete the sentence and testify that he knew the appellant from a "previous deal," this would not put his character in issue, there being no inference therefrom that any previous deal or dealing was derogatory to the appellant. *Brown v. State,* 237 Ga. 467 (1) (228 SE2d 853) (1976) and cits. See also *Moss v. State,* 136 Ga. App. 241 (2) (220 SE2d 761) (1975) and cits. Denial of the motion for mistrial was not an abuse of the trial court's discretion.

7. In enumeration of error 8 the appellant complains of the admission in evidence of certain items of clothing which purportedly had been worn by the appellant or found in his possession at the time of his arrest shortly after the commission of the crimes of which he was convicted. Even assuming that the articles of clothing were not positively identified as belonging to the appellant, as he contends, they were admissible based on testimony which indicated that they were similar in color and description to the clothing worn by the perpetrator of the crimes. See *Jung v. State,* 237 Ga. 73 (1) (226 SE2d 599) (1976) and cits.; *Davis v. State,* 230 Ga. 902 (5) (199 SE2d 779) (1973). This enumeration of error is without merit.

8. Enumeration of error 9 is the exclusion of testimony of witness Cole to the effect that she and the appellant's uncle had had drug dealings with persons at the store which was the scene of the crimes.

The excluded testimony was of doubtful relevance and materiality, since the alleged transaction occurred

approximately a year earlier, none of the victims had been involved with the store at that time, and, as mentioned in Division 2, supra, no evidence of drugs was found at the store after the crimes, there was no evidence that the defendant was at the store in connection with drug-connected activities, and investigations by the state had failed to uncover evidence linking the store to illicit drug trade.

The appellant argues that perhaps the testimony could have convinced the jury that the appellant was motivated by a delusional compulsion activated by his drinking and taking drugs. However, in *Graham v. State,* 236 Ga. 378, 379 (I) (223 SE2d 803) (1976), this court stated that "[i]n order for the defense of delusional compulsion to be available in a trial for murder there must be evidence that the defendant was laboring under a delusion, that the act itself was connected with the delusion and furthermore that the delusion would, if true, justify the act." In the present case, although there was testimony that the defendant was an alcoholic and a drug addict, and that this combination of drug abuse can cause delusions, there was no evidence that this defendant was under a delusion, or, if so, what type of delusion. Nor were the other criteria in *Graham* met. "Voluntary intoxication shall not be an excuse for any criminal act or omission" (Code Ann. § 26-704; Ga. L. 1968, pp. 1249, 1270), and there was no evidence of involuntary intoxication. There was ample evidence that the appellant was not mentally ill; that he was responsible, knowing the nature and quality of his actions; and that he denied having delusions or hallucinations. This enumerated error is without merit.

The convictions were not erroneous for any reason urged.

*Judgment affirmed. All the Justices concur, except that as to Divisions 2, 3 and 4, Hill, J., concurs in the judgment only.*

SUBMITTED JANUARY 5, 1979 — DECIDED FEBRUARY 27, 1979.

*August F. Siemon,* for appellant.

*Dewey Hayes, District Attorney, M. C. Pritchard, Assistant District Attorney, Arthur K. Bolton, Attorney General, Nicholas G. Dumich, Staff Assistant Attorney General,* for appellee.