# STATE OF LOUISIANA
# COURT OF APPEAL
# FIRST CIRCUIT

## DOCKET NUMBER
## 2022 KA 0328

## STATE OF LOUISIANA

## VERSUS

## ODERRA BENITEZ HOLMES

Judgment Rendered: **OCT 06 2023**

* * * * *

## ON APPEAL FROM THE
## 19TH JUDICIAL DISTRICT COURT
## EAST BATON ROUGE PARISH, LOUISIANA
## DOCKET NUMBER 09-14-0171

## HONORABLE WILLIAM JORDEN, JUDGE PRESIDING

* * * * *

| | |
|---|---|
| Bruce G. Whittaker<br>Louisiana Appellate Project<br>New Orleans, Louisiana | Attorney for Appellant<br>O'Derra Benitez Holmes |
| O'Derra Holmes<br>Angola, Louisiana | Pro Se |
| Hillar C. Moore, III<br>District Attorney<br>and<br>Cristopher J.M. Casler<br>Assistant District Attorney<br>Baton Rouge, Louisiana | Attorneys for Appellee<br>State of Louisiana |

## BEFORE: McCLENDON, HOLDRIDGE, and GREENE JJ.

McClendon, J. Concurs And Assigns Reasons.

Holdridge J. concurs w/ reasons.

**GREENE, J.**

A grand jury indicted the defendant, O'Derra Benitez Holmes, with aggravated rape,[1] a violation of La. R.S. 14:42. He pled not guilty. After a trial, the jury found the defendant guilty as charged. The trial court sentenced him to life imprisonment at hard labor, without the benefit of probation, parole, or suspension of sentence. The defendant now appeals, assigning error to the trial court's denial of his challenges for cause of two prospective jurors. After review, we affirm the conviction and sentence.

## FACTS

On the evening of May 6, 2014, J.W. entered the bedroom of the house she shared with defendant and witnessed him engaging in oral sex with her six-year-old daughter, M.W., the victim in this case.[2] At that time, the defendant and J.W. were in a romantic relationship and lived together with their one-year-old child and J.W.'s other children (a two-year-old child and M.W.) in a one-bedroom house in East Baton Rouge Parish. At trial, J.W. testified that, on the night of the incident, the defendant told her to go to the store to buy some juice. Though the defendant specifically instructed her to go to a more distant store, J.W. went to a store located closer to the house. J.W. returned 10 minutes later, entered the house through its side door, saw her one and two-year-old children sitting on the couch in the living room, and went to the bedroom. When she opened the bedroom door, she saw the defendant laying on the bed against the headboard, and M.W. on her knees on the bed, with her "head on [the defendant's] penis." She then left the house with her children and asked a neighbor to call 911. The police thereafter arrested the defendant.

M.W., who was nine years old at the time of the trial, testified that, just prior to the incident, her mother told her she was leaving to go to the store and would be right back. As she and her younger sisters were on the couch playing and watching TV, the defendant told her to come into the bedroom, and she complied. He told the other

---

[1] The instant offense occurred in 2014. Subsequently, by 2015 La. Acts Nos. 184, §1 and 256, §1, the legislature redesignated the offense of aggravated rape as first degree rape. *See* La. R.S. 14:42(E).

[2] Herein, we will refer to the victim and her mother by their initials only. *See* La. R.S. 46:1844(W). *State v. Mangrum*, 20-0243 (La. App. 1 Cir. 2/22/21), 321 So.3d 986, 989 n.1, *writ denied*, 21-00401 (La. 10/1/21), 324 So.3d 1050.

children to stay in the living room. She testified that after she entered the bedroom, "[a] bad touch" occurred, specifically with her mouth on the defendant's "private." M.W. confirmed that her mother walked in the bedroom during the incident.

The defendant did not testify at trial, but the State played his recorded police statement from the date of the incident for the jury. In that statement, the defendant admitted that he was wearing only a t-shirt while lying in bed with M.W. but claimed that her head was on his chest. The defendant indicated that J.W. planted the accusation against him in M.W.'s head by entering the room and yelling, "you sucking his thing?" He insisted that "nothing" happened.

## ASSIGNMENTS OF ERROR

In counseled and pro se briefs, the defendant argues the trial court abused its discretion in denying his challenges for cause as to two prospective jurors, resulting in reversible error. He notes that he exhausted his peremptory challenges, including the two that were used to dismiss the two prospective jurors at issue herein. The defendant first argues the trial court should have dismissed prospective juror Dusty Pourciau for cause when he revealed that he was the brother of Grant Pourciau, a police officer identified by the State as a person who worked on this case and who might be called to testify. The defendant concedes that Mr. Pourciau informed the court that he could be impartial if selected as a juror. However, the defendant argues the trial court failed to consider the fact that Mr. Pourciau "had a close relationship" with his brother "and would quite naturally apply a great deal of credibility to his testimony."

The defendant next argues the trial court should have dismissed prospective juror Lacie Bonaventure for cause, as she indicated in an answer to a jury questionnaire that "some bad stuff happened to [her] and something bad happened to [her] sister." The defendant argues that the challenge for cause should have been granted "out of an abundance of caution ... due to the prejudice that Ms. Bonaventure may show [the defendant] during deliberations ... [and] to keep her from re-living her experiences[.]" The defendant contends the instant case "may have been exactly what [Ms. Bonaventure] and her sister experienced as a young child[.]" The defendant also

3

argues that "[g]iven the inherently shocking and sensational nature of the allegations in ... this case," the search for impartial jurors would be enormously difficult under the best of circumstances. Thus, the defendant contends the trial court should have been on the alert for undisclosed bases of bias or partiality. The defendant claims that the two prospective jurors articulated clear factual reasons from which bias may be reasonably implied.

The State argues the trial court did not abuse its discretion in denying the defendant's challenges for cause. The State notes that the fact that Mr. Pourciau's brother was a law enforcement witness does not disqualify Mr. Pourciau from service. The State argues there is no indication that Mr. Pourciau's connection to the law enforcement witness would prejudice him to the point that he could not serve as a fair and impartial juror. As to Ms. Bonaventure, the State argues that the record does not reveal facts that would establish that she could not be fair and impartial in this case.

## LAW AND ANALYSIS

Louisiana Code of Criminal Procedure article 797 pertinently provides that the State or the defendant may challenge a juror for cause because the juror is not impartial, whatever the cause of his partiality. La. C.Cr.P. art. 797(2). Further, a defendant may challenge a juror for cause because a relationship, whether by blood, marriage, employment, friendship, or enmity between a juror and the *defendant*, the person injured by the offense, the district attorney, or defense counsel, is such that it is reasonable to conclude that it would influence the juror in arriving at a verdict. La. C.Cr.P. art. 797(3). Significantly, as noted by the Louisiana Supreme Court, La. C.Cr.P. art. 797(3) *does not* list a prospective juror's relationship to a *witness* among those relationships where a similar influence is reasonably implied.[3] *See State v. Baldwin*, 388 So.2d 664, 671 (La. 1980); *State v. Wideman*, 218 La. 860, 51 So.2d 96, 866 (1951) (similarly interpreting a predecessor article to La. C.Cr.P. art. 797(3)). Rather, the party challenging the prospective juror must demonstrate that the personal relationship

---

[3] Presumably the legislature would have included a "witness" among those persons specifically listed in La. C.Cr.P. art. 797(3) had it deemed a relationship between a prospective juror and a witness as presenting the same implied bias as the prospective juror's relationship with those persons that are specifically listed in La. C.Cr.P. art. 797(3).

4

would influence the juror's verdict. *State v. Allen*, 95-1754 (La. 9/5/96), 682 So.2d 713, 725; *State v. McIntyre*, 381 So.2d 408, 410 (La. 1980), *cert. denied*, 449 U.S. 871, 101 S.Ct. 209, 66 L.Ed.2d 90 (1980).[4] If the juror's responses as a whole reveal facts that reasonably imply bias, prejudice, or inability to render judgment according to law, a trial court should grant a challenge for cause, even when a prospective juror declares his ability to remain impartial. *State v. Kang*, 02-2812 (La. 10/21/03), 859 So.2d 649, 652-53. However, an appellate court affords broad discretion to a trial court's ruling on a motion to strike jurors for cause because of the trial court's ability to get a first-person impression of prospective jurors during voir dire. *State v. Brown*, 05-1676 (La. App. 1 Cir. 5/5/06), 935 So.2d 211, 214, *writ denied*, 06-1586 (La. 1/8/07), 948 So.2d 121.

A prospective juror's seemingly prejudicial response is not grounds for an automatic challenge for cause, and a trial court's refusal to excuse him on the grounds of impartiality is not an abuse of discretion, if, after further questioning, the potential juror demonstrates a willingness and ability to decide the case impartially according to the law and evidence. *Kang*, 859 So.2d at 653. Prejudice is presumed when the trial court erroneously denies a challenge for cause and the defendant has exhausted his peremptory challenges.[5] This is because an erroneous ruling depriving an accused of a peremptory challenge violates his substantial rights and constitutes reversible error. *Id.* at 651-52.

**Prospective Juror Dusty Pourciau**

During voir dire examination of the first panel of prospective jurors, the trial court instructed the panel to inform the court if they knew anyone on the potential witness list and began reading the list. Mr. Pourciau informed the court that potential witness Grant Pourciau was his brother. When later asked if there was any reason why

---

[4] *Accord State v. Lee*, 559 So.2d 1310, 1317 (La. 1990) (finding uncle-nephew relationship between prospective juror and arresting officer (who testified at suppression hearing but not expected to testify at resentencing hearing) did not warrant challenge for cause, absent evidence that the relationship influenced the prospective juror's ability to make a decision). *Also accord Taylor v. State*, 243 Ga. 222, 224, 253 S.E.2d 191, 194 (Ga. 1979) (finding mother-son relationship between prospective juror and prosecution witness did not warrant challenge for cause, when mother indicated she could fairly consider all of the evidence and render an impartial verdict by applying the trial court's charges even though her son was a witness).

[5] In trials of offenses punishable by death or necessarily by imprisonment at hard labor, each defendant shall have 12 peremptory challenges. La. C.Cr.P. art. 799. In this case, the defendant exhausted all 12 peremptory challenges.

he could not be fair and impartial, Mr. Pourciau stated, "No, sir. I feel like I can be impartial." When questioned directly about his brother, Mr. Pourciau confirmed that he did not talk to him about cases, adding, "Well, I talk to him about his job. He's usually very tight-lipped about his doings."

In subsequently challenging Mr. Pourciau for cause, defense counsel stated, "Although he testified that he believed he could be fair and impartial, his brother is a witness that the State intends to call. It's not a mere social knowledge of a person. They're brothers, and I believe that any risk of him sitting on the jury could be detrimental to Mr. Holmes[.]" Defense counsel specified that his concern was regarding the weight that Mr. Pourciau and other jurors might give to police testimony during deliberation. In response, the State noted that Mr. Pourciau indicated and showed no hesitancy in stating that he could be fair. In denying the challenge, the trial court noted that defense counsel did not ask Mr. Pourciau follow-up questions regarding his brother possibly testifying or what kind of weight he would give to such testimony. The trial court concluded that, based on Mr. Pourciau's answers, he indicated that he could be fair and impartial.[6]

A juror's association with law enforcement agencies or personnel will not alone disqualify him from service. The fact that a prospective juror is related to a law enforcement official is not grounds for automatic exclusion for cause. *State v. Manning*, 03-1982 (La. 10/19/04), 885 So.2d 1044, 1078, *cert. denied*, 544 U.S. 967, 125 S.Ct. 1745, 161 L.Ed.2d 612 (2005); *State v. Hudson*, 15-0158 (La. App. 1 Cir. 9/18/15), 2015 WL 5516100, *11. The party challenging the juror must also show that the relationship would influence the juror in arriving at a verdict. *State v. McIntyre*, 381 So.2d 408, 410 (La. 1980), *cert. denied*, 449 U.S. 871, 101 S.Ct. 209, 66 L.Ed.2d 90 (1980). Even where a prospective juror's affiliations raise an issue regarding his ability to be impartial, if, after voir dire examination, the trial court is satisfied that the prospective juror can render an impartial verdict according to the law and evidence, it is the trial court's duty to deny the challenge for cause. *Manning*, 885 So.2d at 1078.

---

[6] While defense counsel did not actually object to the trial court's ruling, we note that in ruling on the challenge for cause, the trial court stated, "so I overrule that objection." Defense counsel then stated, "Thank you, Your Honor."

In this case, the defense challenged Mr. Pourciau on his close blood relationship to a potential law enforcement witness,[7] but, on voir dire examination, he affirmed he could be fair and impartial. As pointed out by the trial court, defense counsel failed to question Mr. Pourciau about his brother's possible testimony or what weight he would give such testimony. As the party challenging Mr. Pourciau, the defendant had the burden of showing that Mr. Pourciau's sibling relationship with a witness would influence Mr. Pourciau's verdict. *See Allen*, 682 So.2d at 725; *McIntyre*, 381 So.2d 410. Without further record evidence affirmatively demonstrating how Mr. Pourciau's sibling relationship would have tainted his impartiality, the trial court did not abuse its great discretion in rejecting the defendant's challenge for cause of Mr. Pourciau. These counseled and pro se assignments of error are meritless.

**Prospective Juror Lacie Bonaventure**

During voir dire examination of the second panel, Ms. Bonaventure was questioned regarding her prior service on a jury for a murder trial in which the defendant therein was found guilty. She stated that she could not remember when the trial took place, adding "two - - five years ago." She confirmed that she had distant family and relatives that had been in trouble with the law before. When asked if a "bad experience" had by her and her sister would affect how she felt about sitting on the jury, she stated, "I'm not a vengeful person." She confirmed that she could keep what happened out of her head, adding, "It was a long time ago." Ms. Bonaventure further confirmed that she could be fair and impartial. When the jurors were asked if they could follow the law that reasonable doubt is not proof to an absolute certainty, Ms. Bonaventure responded positively.

In challenging Ms. Bonaventure for cause, defense counsel argued, "She and her sister were both victims of, I'm going to assume, a similar type of crime. It wasn't clear whether or not when - - when she was a child, you know, based on ... that experience, we're not sure that she can be fair and impartial." In response, the State in part noted Ms. Bonaventure stated she could be fair and impartial on sidebar and during questioning in open court. In denying the challenge, the trial court noted it asked Ms.

---

[7] Mr. Pourciau's brother did not testify at trial, which the defendant acknowledges.

Bonaventure about her bad experience and she stated without hesitation that it would not affect her, adding it was a long time ago.

The fact that a juror may have painful memories associated with the subject of a criminal trial is not listed as a basis for a challenge for cause under La. C.Cr.P. art. 797. *State v. Magee*, 13-1018 (La. App. 5 Cir. 9/24/14), 150 So.3d 446, 454, *writ denied*, 14-2209 (La. 10/2/15), 178 So.3d 581. Further, a prospective juror's personal experience as the victim of a crime will not necessarily preclude that prospective juror from serving on a jury. *State v. Dorsey*, 10-0216 (La. 9/7/11), 74 So.3d 603, 631, *cert. denied*, 566 U.S. 930, 132 S.Ct. 1859, 182 L.Ed.2d 658 (2012); *State v. Lewis*, 18-0662 (La. App. 4 Cir. 12/19/18), 262 So.3d 302, 304-05 (finding the trial court did not abuse its discretion in denying challenges for cause of jurors who had been victims of sex crimes but who both stated they could decide the case based on the law and evidence). A prospective juror's relationship to a person who was the victim of a crime likewise does not disqualify a prospective juror from serving. *See State v. Nix*, 327 So.2d 301, 326 (La. 1975), *cert. denied*, 425 U.S. 954, 96 S.Ct. 1732, 48 L.Ed.2d 198 (1976) (finding a prospective juror's relationship to a murder victim, his brother-in-law, was insufficient to establish cause for excusing that prospective juror).

The law does not require that a jury be composed of individuals who have not personally been a crime victim or who do not have close friends or relatives who have been crime victims. It requires that jurors be fair and unbiased. *See State v. Juniors*, 03-2425 (La. 6/29/05), 915 So.2d 291, 306, *cert. denied*, 547 U.S. 1115, 126 S.Ct. 1940, 164 L.Ed.2d 669 (2006). Therefore, the prospective juror's past experience as, or relationship to, a victim of a crime similar to that for which the defendant is being tried must be examined in conjunction with other evidence in the record of the voir dire proceeding that bears on the prospective juror's ability to be fair and impartial and to apply the law as instructed by the trial court. *See Dorsey*, 74 So.3d at 631; *Nix*, 327 So.2d at 326.

We have thoroughly reviewed the examination of each of the prospective jurors at issue. We find that as to each potential juror, their responses as a whole indicated their willingness and ability to be fair and unbiased and to render an impartial verdict

according to the law and evidence. Thus, we find the trial court did not abuse its discretion in denying the defendant's challenges for cause at issue.[8] These counseled and pro se assignments of error are meritless.

### CONVICTION AND SENTENCE AFFIRMED.

---

[8] In addition to the responses noted above, in finding no abuse of discretion by the trial court, this court reviewed and considered responses by Mr. Pourciau and Ms. Bonaventure to questions regarding several hypothetical scenarios presented to the prospective jurors.



# STATE OF LOUISIANA
# COURT OF APPEAL
# FIRST CIRCUIT

## DOCKET NUMBER
## 2022 KA 0328

## STATE OF LOUISIANA

## VERSUS

## ODERRA BENITEZ HOLMES

**McClendon, J., concurring.**

Every person charged with a crime is entitled to an impartial trial, and a corollary of this right is to have a jury free of bias. See U.S. Const. amend. VI; La. Const. art. I, § 16; **Skilling v. United States**, 561 U.S. 358, 377, 130 S.Ct. 2896, 2912-13, 177 L.Ed.2d 619 (2010); **State v. Anderson**, 2006-2987 (La. 9/9/08), 996 So.2d 973, 995, cert. denied, 556 U.S. 1165, 129 S.Ct. 1906, 173 L.Ed.2d 1057 (2009). Thus, fairness and impartiality are prerequisite qualifications in all jurors who are called upon to try an accused in a criminal action. **State v. Frazier**, 209 La. 373, 377; 24 So.2d 620, 621 (1946). Further, it is long settled that the bias of a prospective juror may be actual or implied; that is, it may be bias in fact or bias conclusively presumed as a matter of law. **United States v. Wood**, 299 U.S. 123, 133, 57 S.Ct. 177, 179, 81 L.Ed. 78 (1936).

Louisiana Code of Criminal Procedure article 797(3) expressly allows a prospective juror to be challenged for cause on the basis that his relationship to the defendant, the person injured, the district attorney, or defense counsel reasonably implies that the prospective juror would be influenced in arriving at a verdict. However, as noted by the Louisiana Supreme Court and recognized in this opinion, LSA-C.Cr.P. art. 797(3) *does not* list a prospective juror's relationship to a *witness* among those relationships where a similar influence is reasonably implied. See **State v. Baldwin**, 388 So.2d 664, 671 (La. 1980); **State v. Wideman**, 218 La. 860, 51 So.2d 96, 866 (1951) (similarly interpreting

a predecessor article to LSA-C.Cr.P. art. 797(3)). Rather, the party challenging the prospective juror must demonstrate that the personal relationship would influence the juror's verdict. **State v. Allen**, 95-1754 (La. 9/5/96), 682 So.2d 713, 725; **State v. McIntyre**, 381 So.2d 408, 410 (La. 1980), cert. denied, 449 U.S. 871, 101 S.Ct. 209, 66 L.Ed.2d 90 (1980). In this matter, the scant record of the questioning of Mr. Pourciau with regard to his relationship with his brother failed to establish that said relationship would influence his verdict. Thus, based on the record before us, I cannot find that the trial court abused its great discretion in denying the defendant's challenge for cause of Mr. Pourciau.

Nevertheless, I write further to highlight the need for a *per se* rule of implied bias where extremely close familial relationships exist between a witness and a juror, such as a sibling relationship. Where a prospective juror is related to a state witness by blood or marriage, special problems exist that render a trial court's search for actual bias an inadequate protection of a defendant's right to an impartial jury. One such problem is the potential for unconscious bias. It is virtually impossible for a prospective juror to consciously estimate how the family relationship with a witness will affect his or her judgment. Although no intentional actual bias may exist, the risk of unconscious bias in these situations is manifest. **State v. Gesch**, 167 Wis. 2d 660, 667, 482 N.W.2d 99, 102 (1992). In light of the high risk of unconscious bias in such situations, it would be prudent for the legislature to address this issue.

# STATE OF LOUISIANA
# COURT OF APPEAL
# FIRST CIRCUIT

## DOCKET NUMBER
## 2022 KA 0328

## STATE OF LOUISIANA

## VERSUS

## ODERRA BENITEZ HOLMES

**HOLDRIDGE, J., concurring.**

I respectfully concur. Unlike many errors in criminal trials that this court finds to be harmless, (see State v. Armentor, 2019-1267 (La. App. 1 Cir. 7/31/20), 309 So.3d 762, 769, writ denied, 2020-01032 (La. 2/17/21), 310 So.3d 1149), an erroneous ruling of a trial court on a challenge for cause deprives the defendant of one of his peremptory challenges and constitutes a substantial violation of his constitutional and statutory rights requiring reversal of the conviction and sentence. State v. Dotson, 2016-0473 (La. 10/18/17), 234 So.3d 34, 38. After the United States Supreme Court case Ramos v. Louisiana, 590 U.S. __, 140 S.Ct. 1390, 1397, 206 L.Ed.2d 583 (2020) and the amendment of La. C.Cr.P. art. 782, a unanimous jury is required in Louisiana to convict a defendant. Therefore, the denial of a peremptory challenge to a criminal defendant has attained greater importance.

In this case, an African-American male was on trial for aggravated rape of a six-year old. The trial judge read to the prospective jurors a list of the state's witnesses. One of the white-male jurors informed the trial court that one of the witnesses on the state's list was his brother. The defendant challenged the prospective juror for cause. The trial court denied the cause challenge. The

defendant then used a peremptory challenge to remove the juror and also used all of his peremptory challenges in the selection process. After the defendant's conviction, the defendant appealed the denial of his cause challenge by the trial court.

Louisiana Code of Criminal Procedure article 797 states that "[t]he state or the defendant may challenge a juror for cause on the ground that … [t]he juror is not impartial, whatever the cause of his partiality." Every person charged with a crime is entitled to an impartial trial. La. Const. art. I, § 16. A corollary of this right is to have a jury free from bias. Fairness and impartiality are prerequisite qualifications in all jurors who are called upon to try an accused in a criminal action. State v. Frazier, 209 La. 373, 377; 24 So.2d 620, 621 (1946). The Sixth Amendment prescribes no specific tests in requiring that in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury. The bias of a prospective juror may be actual or implied; that is, it may be bias in fact or bias conclusively presumed as a matter of law. United States v. Wood, 299 U.S. 123, 133; 57 S.Ct. 177, 179; 81 L.Ed. 78 (1936). A prospective juror's statement that he will be fair and impartial is not binding on the trial court. If the examination discloses facts from which bias or prejudice may be reasonably inferred, the juror may be excused for cause. State v. Lewis, 391 So.2d 1156, 1158 (La. 1980); State v. Monroe, 366 So.2d 1345, 1346-47 (La. 1978), cert. denied 463 U.S. 1229, 103 S.Ct. 3571, 77 L.Ed.2d 1411 (1983).

When the defendant uses all twelve of his peremptory challenges, an erroneous ruling by the trial court that results in depriving the defendant of a peremptory challenge constitutes a substantial violation of a defendant's constitutional and statutory rights requiring the reversal of the conviction and sentence. Dotson, 234 So.3d at 34. In this case, this court is called upon to decide whether a juror who is the brother of a witness for the state is bias so as to require

the trial court to grant a cause challenge.[1] To decide this issue, some states have adopted a per se rule on the basis of implied bias in regard to jurors who are closely related to witnesses. See Ex parte Tucker, 454 So.2d 552, 553 (Ala. 1984) (the trial court committed reversible error by denying defendant's challenge for cause where it was discovered that the potential juror was the brother of a state witness) see also State v. Gesch, 167 Wis.2d 660, 662, 482 N.W.2d 99, 101-103 (1992) (the Wisconsin Supreme Court agreed that a prospective juror whose brother was the State of Wisconsin's only police witness should have been removed for cause).

I agree. In an era where the judicial system must ensure that all trials are conducted fairly and that all of the constitutional rights of all defendants are protected, the right to a fair and unbiased jury is paramount in all criminal proceedings. To this end, I would hold that there are situations in the jury selection process in which the relationship between a prospective juror and a trial witness is so close that a finding of implied bias or partiality is mandated. The relationship between brothers is one of those relationships. In such cases, the defendant is denied due process of law where circumstances affecting the impartiality of a juror exists, that would offer a possible temptation to the average man to forget the burden of proof required to convict the defendant, or that might lead him not to hold the balance nice, clean, and true between the state and the accused. See Gesch, 167 Wis.2d 662; Ex parte Tucker, 454 So.2d 553. The "average person" standard does not require proof that the particular potential juror was biased. It is a unique individual that could remain unaffected by the testimony of a relative by blood to the third degree, one way or the other. In some circumstances, such as here, when a sibling of a person listed on the state or the defendant's witness list is called as a prospective juror, the mere probability of bias is so high that in order to assure a

---

[1] Even though the prospective juror was stricken by a peremptory challenge, a deprivation of one of the defendant's peremptory challenges is a substantial violation of his constitutional rights. See Dotson, 234 So.3d at 38.

defendant the fundamental fairness to which the defendant is entitled, we must imply bias and exclude the juror as a matter of law. To do otherwise would bring into doubt the findings of the jury system in this state.

To leave the decision as to whether a brother of a witness should sit on the jury up to the vast discretion of the trial judge is to invite the criticism of the judiciary that fairness and equality is not evenly extended to all parties in our criminal system. Our court should strive to maintain fairness in the criminal jury system of Louisiana. Under the facts of this case, where the trial court denied an African-American defendant's cause challenge of a white juror who is the sibling of a potential state witness and where the defendant was forced to use all of his peremptory challenges, I would find that the trial court committed reversible error. However, I am constrained to follow the Louisiana Supreme Court case State v. Wideman, 218 La. 860, 867, 51 So.2d 96, 98 (1951), wherein a prospective juror's brother, who was a deputy sheriff, was a witness for the state. The Supreme Court held that "we must accept as true the statement of the trial judge in his per curiam to this bill that [the prospective juror] was not only known to him personally and was a man of high reputation in the community, but that he examined th[e] juror at length and was satisfied he was unbiased and able to render a fair and impartial trial." The Supreme Court's ruling does not consider the implied bias and partiality between the brothers, but instead the decision is partially based upon the trial judge's personal opinion of the prospective juror. Because the criminal justice system is now more aware of past practices and more concerned that trials are to be conducted fairly and impartiality as to all, I find that the Wideman holding may lead to inequalities in the administration of justice, and it is questionable as to whether it must be followed by this court. See Ramos, 140 S.Ct. at 1397. Accordingly, I respectfully concur.